UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SERJIO ENRIQUE SIGUENZA, :
    Plaintiff, :
  :
v. : No. 5:17-cv-03482
  :
CITY OF READING; WILLIAM M. HEIM; :
JESUS SANTIAGO; ERIC KOLLER; :
SANDHU AND SONS, INC.; :
MCLANE COMPANY, INC.; :
MCLANE FOOD SERVICE, INC.; :
MCLANE GROCERY, INC.; SUNOCO, LP, :
    Defendants. :
_____

## O P I N I O N
**Motion to Dismiss, ECF No. 32 - Granted**

**Joseph F. Leeson, Jr.**      January 9, 2018
**United States District Judge**

    Plaintiff Serjio Enrique Siguenza filed a complaint in the Berks County Court of Common Pleas asserting both state and federal claims. The matter was removed to this Court based on federal question jurisdiction. On October 3, 2017, Defendants, The City of Reading, William Heim, Jesus Santiago, and Eric Koller filed a Motion to Dismiss all claims asserted against them (Counts V through IX). ECF No. 32. On November 14, 2017, this Court issued an Order granting Plaintiff's Counsel's Motion for Leave to Withdraw and directing Siguenza to file a response to the Motion to Dismiss no later than December 1, 2017. ECF No. 36. On December 7, 2017, this Court observed that it did not appear that the November Order had been served on Siguenza and extended the time for him to file a response to the Motion to Dismiss until December 29, 2017. ECF No. 37. The Order warned Siguenza that his failure to respond may result in the motion being granted as uncontested and Counts V through IX being dismissed with prejudice. To date, no response has been filed, nor a request for an extension of time. Consequently, the Motion to Dismiss is granted

as uncontested. *See* E.D. Pa. L.R. 7.1(c) (providing that "[i]n the absence of timely response, the motion may be granted as uncontested").

The remaining counts in the Complaint, Counts I, II, III and IV are state law claims. Additionally, the crossclaims and counterclaims filed in the action are also state claims. Accordingly, this Court must determine whether to exercise supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), the "district courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . [it] has dismissed all claims over which it has original jurisdiction." "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In deciding whether to exercise supplemental jurisdiction, the district courts should consider factors such as judicial economy, convenience, and fairness to litigants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them"). The United States Supreme Court has further advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* Here, because all the federal claims are being dismissed before trial and this action was originally filed in state court and removed solely on the basis of federal question jurisdiction, the Court finds that it is in the interests of comity to decline to exercise jurisdiction.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge